IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LILLY YVONNE FENNER | : | |
| Plaintiff | : | |
| v. | : | Civil No. RDB-07-3332 |
| BARRY GLAZIER, ESQ. | : | |
| MARK HERMAN, ESQ. | | |
| | : | |
| Defendants | | |

oo0oo

## **MEMORANDUM OPINION**

Before the Court is Lilly Yvonne Fenner's complaint against Barry Glazier, Esq,. and Mark Herman Esq., claiming that Defendants committed legal malpractice when they represented her in a prior civil proceeding.[1] The Court will grant Plaintiff's Motion to Proceed in Forma Pauperis and dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

In order for the Court to review a case, it must have subject matter jurisdiction. Federal courts are courts of limited jurisdiction "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Court must first determine whether there is a proper basis for exercising jurisdiction over this case, and dismiss the action if no such ground is presented. *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[w]henever it appears... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Federal jurisdiction exists where a federal question is presented or there is diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction is satisfied

---

[1] *See* Civil Action No. DKC-06-1259 (D. Md.)

when a civil claim arises under the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. Diversity jurisdiction exists where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity of the parties which means that no party on one side may be a citizen of the state as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).

Upon review of the complaint, the court concludes there is no basis for either federal question jurisdiction under 28 U.S.C. §1331 or diversity jurisdiction under 28 U.S.C. § 1332. The Complaint raises claims of malpractice which are state, not federal law claims.[2] Further, Plaintiff does not claim diversity of citizenship of the parties, and the record provides no basis to conclude otherwise. For these reasons, the Court will dismiss the claim for lack of jurisdiction. A separate order follows.

December 17, 2007  /s/
Date    RICHARD D. BENNETT
        UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff might be able to seek redress through the state courts of Maryland.